60 F.3d 839
 35 U.S.P.Q.2d 1572
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN RE SGS-THOMSON MICROELECTRONICS, INC., Petitioner.
 Misc. No. 428.
 United States Court of Appeals, Federal Circuit.
 April 25, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 SGS-Thomson Microelectronics, Inc., (SGS-Thomson) petitions for a writ of mandamus to direct the United States District Court for the Central District of California to reinstate SGS-Thomson's demand for a jury trial. International Rectifier Corporation (IR) opposes.
 
 
 2
 Briefly, IR sued SGS-Thomson for patent infringement. IR sought only an injunction to prohibit future infringement. SGS-Thomson asserted its defenses and also counterclaimed for declaratory judgments of noninfringement, invalidity, and unenforceability. SGS-Thomson demanded a jury trial on the counterclaims. IR moved to strike SGS-Thomson's jury trial demand. On April 11, 1994, the district court granted IR's motion to strike the jury trial demand, without explanation. Following issuance of this court's order in In re Lockwood, F.3d , 33 USPQ2d 1406 (Fed. Cir. 1995), SGS-Thomson moved to reinstate its jury trial demand. The district court denied SGS-Thomson's motion, again without explanation. SGS-Thomson petitions this court for a writ of mandamus to direct the district court to reinstate its demand for a jury trial.
 
 
 3
 In Lockwood, Lawrence W. Lockwood sued American Airlines for patent infringement. Lockwood sought damages for patent infringement and an injunction prohibiting future infringement and demanded a trial by jury. American counterclaimed for declaratory judgments of noninfringement, invalidity, and unenforceability. The district court granted summary judgment of noninfringement and dismissed Lockwood's complaint. The district court determined that it would also decide invalidity and unenforceability. American moved to strike Lockwood's demand for a jury trial, and the district court granted American's motion.
 
 
 4
 We held that, in determining Lockwood's right to a jury trial on the declaratory judgment counterclaim, we would not consider the relief sought by Lockwood in his complaint because the complaint had been dismissed. Lockwood, 33 USPQ2d at 1408. We explained that the closest analogy to the declaratory judgment action was an action for infringement in which the defense of invalidity was asserted. Id. at 1412.* Based solely on our consideration of American's counterclaim for a declaratory judgment of invalidity, we held that Lockwood was entitled to a jury trial if demanded. Id. at 1417. In light of Lockwood and relevant Supreme Court precedent, discussed below, SGS-Thomson's demand for a jury trial concerning noninfringement and invalidity in this case should be honored.
 
 
 5
 If SGS-Thomson had brought an action seeking declaratory judgments of noninfringement or invalidity, it would be clear under our order in Lockwood that either SGS-Thomson or IR would have a right to a jury trial. The presence of IR's request for injunctive relief does not take those facts or issues away from the jury. Dairy Queen v. Wood, 369 U.S. 469, 472-73 (1962) (claims that are legal in nature and thus entitle the parties to a trial by jury may not be treated as subservient to a claim for an injunction so as to deprive a party of its right to a jury trial on the issues involved in the legal claims); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 508 (1959) (same).
 
 
 6
 IR is incorrect in its argument that a patentee determines whether an alleged infringer is entitled to a jury trial on declaratory judgment claims by the type of relief that the patentee chooses to seek to enforce its patent. Although Lockwood mentioned the patentee's remedy choices in its discussion of the history of patent litigation relating to the Seventh Amendment right to trial by jury, 33 USPQ2d at 1414, the court based its decision on the legal nature of the declaratory judgment action, not the nature of the patentee's claim.
 
 
 7
 Thus, we conclude that SGS-Thomson is entitled to a jury trial on its counterclaims for declaratory judgments of invalidity and noninfringement. Neither party, however, is entitled to a jury trial on SGS-Thomson's counterclaim for a declaratory judgment of unenforceability. See Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209 (Fed. Cir. 1987).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 SGS-Thomson's petition for a writ of mandamus is granted in part; the district court is directed to reinstate SGS-Thomson's jury demand for its counterclaims seeking declaratory judgments of noninfringement and invalidity.
 
 
 
 *
 We note that here, SGS-Thomson's counterclaims for declaratory judgments of noninfringement, invalidity, and unenforceability are more comparable to an inverted lawsuit for patent infringement than American's counterclaims of invalidity and unenforceability in Lockwood